In the Matter of the Accounting of FLOYD W. WINCHELL, as Executor and Trustee under the Will of WALLACE M. WINCHELL, Deceased, Appellant. In the Matter of the Construction of the Will of WALLACE M. WINCHELL, Deceased. ADELBERT W. RATHBUN et al., Respondents.— The executor and trustee of the last will and testament of Wallace M. Winchell, deceased, has appealed from a decree of the Surrogate's Court of Madison County directing him to file an account and also from a decree of the same court construing the will of decedent. Testator died July 19, 1905, leaving a last will and testament dated April 17, 1905, which was admitted to probate on September 9, 1905. Testator left surviving as his only heirs at law and next of kin a son, Floyd W. Winchell, the appellant, and a daughter Flossy Winchell Rathbun. The son was named as executor and trustee under the will. The only provision of the will in question is the fourth clause which reads: " I give and bequeath to my son Floyd W. in trust to hold, invest and pay over to my daughter Flossy the proceeds of all my notes, mortgages, and securities of all kinds of which I may die possessed during her natural life, and at her death to be equally divided between the heirs of her body, if any, if not to my son Floyd." On October 5, 1906, a decree was

made by the Surrogate of Madison County settling the accounts of the executor. That decree directed among other things that " the Executor turn over to himself as Executor and Trustee the remainder of said estate, and retain, invest and pay over the proceeds of the same to Flossie A. Rathbun, the beneficiary according to the terms and conditions of the Last Will and Testament of the said Wallace M. Winchell deceased." On January 6, 1911, the daughter filed objections to the account and on January 13th she petitioned the court to reopen the decree. On February 10, 1911, after a trial the prior decree was reopened and was amended in certain respects. That decree also directed the executor to turn over to himself as trustee such corpus and to " retain, invest, and pay over the proceeds of the same to Flossie A. Rathbun, the beneficiary, according to the terms and conditions of the Last Will and Testament of the said Wallace M. Winchell, deceased." The decree states that all of the interested parties consented to such decree. Flossy Rathbun died in June, 1948, leaving five children who are the respondents herein. On May 21, 1949, respondents petitioned the Surrogate for a compulsory accounting of the trusteeship. Appellant served an answer and a hearing was had and an order was made requiring him to file such an account. On June 29, 1949, the account was filed in which it was stated that the executor and trustee had paid the corpus and interest of the trust estate to Flossy Rathbun between 1911 and 1934. A supplemental account was filed on July 19, 1949, in which the executor and trustee listed certain payments which he made to Flossy Rathbun. On August 2, 1949, the executor and trustee appealed from the decree. On August 12, 1949, the executor and trustee applied to the Surrogate for a construction of the will of decedent. After a hearing the Surrogate made a decree construing the fourth paragraph of the will to the effect that the income was to be paid to Flossy during her lifetime and at her death the corpus was to be distributed to respondents. The court also held that the prior decrees to which reference has been made are *res judicata* as to the questions which the executor and trustee attempts to raise now. The Surrogate properly determined the questions before him. Decrees appealed from, unanimously affirmed, without costs. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.